FILED
CLERK, U.S. DISTRICT COURT

DEC - 9 2016

CENTRAL DISTRICT OF CALIFORNIA
BY ___AF___ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JAVIER TORRES, <br> Defendant. | Case No. 16-2423M <br> ORDER OF DETENTION |

I.

On December 9, 2016, Defendant was arraigned on the criminal complaint filed in this matter. The Court conducted a detention hearing.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

the Court finds that the defendant has not rebutted the § 3142(e)(2) presumption by sufficient evidence to the contrary.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also considered all the evidence adduced at the hearing and the arguments, the

arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ nature and circumstances of alleged offense
- ☒ criminal history includes 2011 Federal conviction for importing controlled substances for which Defendant may have been on probation at the time he is alleged to have committed the offense charged in the criminal complaint
- ☒ no bail resources
- ☒ no economic ties to the Central District of California
- ☒ Unrebutted Presumption

As to danger to the community:

- ☒ criminal history includes 2011 Federal conviction for importing controlled substances and Defendant may have been on probation at the time he is alleged to have committed the offense charged in the criminal complaint
- ☒ Allegations in present charging document include possession with intent to distribute 24 kilos of cocaine
- ☒ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]

V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in

which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: December 9, 2016

          /s/
HON. ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE